# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL R. LEPPERT,<br><br>                  Petitioner,<br><br>v.<br><br>WILLIAM POLLARD,<br><br>                  Respondent. | Case No. 14-CV-343-JPS<br><br><br><br>ORDER |

The petitioner, Michael Leppert, filed his petition for a writ of *habeas corpus* on March 26, 2014. (Docket #1). At that time, he moved for leave to proceed *in forma pauperis* (Docket #2), but the Court determined he was able to pay the full $5.00 filing fee. (Docket #8). The Court, therefore, provided Mr. Leppert fourteen days to either pay the filing fee or establish that he was unable to do so. (Docket #8). Mr. Leppert paid the filing fee on April 14, 2014, and the Court can now screen his complaint.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Before addressing those legal issues, the Court first provides a bit of background. In 2008, Mr. Leppert pleaded *nolo contendre* to six counts of burglary and one count of manufacture/delivery of THC. (Docket #1 at 3). On January 29, 2009, he was sentenced to 31 years of imprisonment and 26 years of extended supervision. (Docket #1 at 3). On April 29, 2010, he appealed his conviction, but his appellate counsel filed a no-merit brief, and thus Mr. Leppert's appeal was dismissed. (Docket #1 at 4). Mr. Leppert did not seek any further review by the Wisconsin Supreme Court or the United States Supreme Court. (Docket #1 at 4–5).

Thereafter, Mr. Leppert filed a motion to withdraw his plea in the Wisconsin Circuit Court. (Docket #1 at 5–6). He argued that his plea was not knowing, intelligent, and voluntary with regards to the burglary charges. (Docket #1 at 5). The Wisconsin Circuit Court granted an evidentiary hearing on that issue. (Docket #1 at 5). On October 13, 2010, it ultimately determined that Mr. Leppert's plea colloquy was inadequate, but despite that inadequacy, the State of Wisconsin had still proved that Mr. Leppert's plea was knowing and voluntary. (Docket #1 at 5–6). Accordingly, the Wisconsin Circuit Court denied Mr. Leppert's motion to withdraw his plea. (Docket #1 at 5–6).

Mr. Leppert appealed that decision in "[e]arly 2012," and on April 4, 2013, the Wisconsin Court of Appeals summarily affirmed the Wisconsin Circuit Court's opinion. (Docket #1 at 6). Mr. Leppert filed a petition for review with the Wisconsin Supreme Court, which that court denied on November 26, 2013. (Docket #1 at 6; Docket #1, Ex. 1).

Given this factual background, the Court identifies a number of issues with Mr. Leppert's petition that may prevent it from proceeding past screening.

First, it appears that Mr. Leppert's petition is untimely. 28 U.S.C. § 2244(d)(1) provides that a one-year limitations period applies to petitions for writ of *habeas corpus*. That one-year limitations period generally runs from the date on which the judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in this case, the limitations period began to run on May 29, 2010—when the period in which Mr. Leppert could seek direct review of his conviction by the Wisconsin Supreme Court expired. *See* Wis. Stat. § 808.10(1). However, that limitations period was tolled during the time that Mr. Leppert's post-conviction motion to withdraw his plea was pending before the Wisconsin Circuit Court. 28 U.S.C. § 2244(d)(2).

But here is the rub: more than a year passed between the time that the Wisconsin Circuit Court denied Mr. Leppert's post-conviction motion (October 13, 2010) and the time that he appealed that decision to the Wisconsin Court of Appeals ("Early 2012"). The petition does not make clear on its face the amount of time that passed between when Mr. Leppert's conviction became final and when he filed his post-conviction motion. That, however, is irrelevant. 28 U.S.C. § 2244(d)(2) only tolls limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending.*" (Emphasis added.) Here, the petition makes clear on its face that Mr. Leppert's post-conviction motion was not "pending" from October 13, 2010, until "Early 2012." During that period, nothing operated to toll the statute of

limitations period, and quite obviously that span of time is longer than a year. Accordingly, from the face of Mr. Leppert's petition, it is clear that the statute of limitations period has run. This conclusion would hold even if Mr. Leppert had filed his post-conviction motion immediately upon his judgment becoming final. Thus, Mr. Leppert's petition is untimely.

Mr. Leppert may argue that he is saved by the time for initiating an appeal in the Wisconsin Court of Appeals. Wis. Stat. § 808.04 provides that parties have 45 days to appeal final judgments that were issued with written notice, or 90 days to appeal final judgment entered without written notice. It is unclear whether the Wisconsin Circuit Court issued a written notice regarding its judgment on Mr. Leppert's motion for post-conviction relief (and Mr. Leppert has not done the Court the courtesy of providing written copies of a majority of the relevant court decisions in this matter). Thus, the Court can imagine that Mr. Leppert may assert that, technically, his post-conviction motion may have been pending into "[e]arly 2011." That is, so long as the time for him to initiate an appeal had not expired, his petition could still be considered pending. In that case, his petition may not be untimely.[1]

However, having considered that issue, the Court still determines that Mr. Leppert's petition is not timely because 28 U.S.C. § 2244(d)(2) tolls the

---

[1]This is, of course, a distinct longshot. It relies on several contingencies: first, the Wisconsin Circuit Court must not have entered a written notice of judgment on Mr. Leppert's motion for post-conviction relief; second, Mr. Leppert must have filed his appeal not later than January 11, 2012 (one year after January 11, 2011, the day on which the time to initiate an appeal in the absence of written notice would have expired); and, third, assuming that Mr. Leppert filed his appeal at the very earliest possible date in "Early 2012," then no more than eleven days could have passed between the date his conviction became final and the date he filed his motion for post-conviction relief.

limitations period only when a "*properly filed* application" for post-conviction relief is pending in the state. (Emphasis added.) It ultimately does not matter how the time is calculated between the Wisconsin Circuit Court's entry of judgment and Mr. Leppert's appeal because Mr. Leppert did not properly file his appeal. As mentioned above, Mr. Leppert had, at most, 90 days to initiate his appeal to the Wisconsin Court of Appeals. He overshot that by approximately one year, meaning that his appeal was not "properly filed." As such, even when he filed his appeal, 28 U.S.C. § 2244(d)(2) would not have applied to begin tolling the limitations period.

On a similar note, Mr. Leppert has also procedurally defaulted his claim. Even though a constitutional claim in a federal habeas petition has been exhausted (and, here, Mr. Leppert *did* exhaust his claim by raising it before the Wisconsin Supreme Court), the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. See *O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Mr. Leppert makes the same argument before this court that he did in his state post-conviction proceedings. However, he did not timely appeal the Wisconsin Circuit Court's denial of his motion to the Wisconsin Court of Appeals under Wis. Stat. § 808.04(1). Thus, even though he eventually raised his claim before the

state's highest court, he did not raise it in a timely fashion or in the manner prescribed by state law. Thus, he has also procedurally defaulted his claim.

Having determined that Mr. Leppert's claim is untimely and also that he has procedurally defaulted his claim, the Court is obliged to dismiss Mr. Leppert's petition for a writ of *habeas corpus.*

Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In a case like this, in which the Court has rejected a petitioner's constitutional claim on procedural grounds, the Court should not issue a certificate of appealability unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court finds that no reasonable jurist would find the Court's procedural ruling debatable. Mr. Leppert's petition makes clear, on its face, that a substantial amount of time passed between the Wisconsin Circuit Court's issuance of its decision on Mr. Leppert's motion for post-conviction relief and his appeal to the Wisconsin Court of Appeals. That substantial amount of time is sufficient, in and of itself, to establish that the petition is both untimely and suffers from its claim having been procedurally defaulted. The Court, therefore, will deny a certificate of appealability in this case.

Accordingly,

IT IS ORDERED that, the Court having found that Mr. Leppert's petition is untimely and that Mr. Leppert procedurally defaulted the claim contained therein, Mr. Leppert's petition for a writ of *habeas corpus* be and the

same is hereby DENIED and this action be and the same is hereby DISMISSED with prejudice; and

IT IS FURTHER ORDERED that a certificate of appealability as to Mr. Leppert's petition be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge